# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| HENRY WISE, IV, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV410-251 |
| DAN FORTH, *et al.* | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Inmate Henry Wise IV filed this 42 U.S.C. § 1983 lawsuit against prison officials for, *inter alia*, failing to protect him from other inmates and "deliberate indifference." Doc. 1 at 9. To that end, he moved for leave to file this case *in forma pauperis* (IFP). Doc. 2. The Court granted him IFP based upon his representation that he had received no income from any sources over the past year and owned no assets. Doc. 4; doc. 2 at 1-2.

After granting him two motions to extend time to file his Prisoner Trust Fund Statement, docs. 6, 7, 8 & 9, Wise filed *two* such forms, dated the same day but signed by two different prison officials. They reflect, on the one hand, a $25.41 "Average Monthly Balance," and, on the other, a

$99.00 "Average Monthly Balance." Docs. 10 & 11. Both reflect printed income/spending data, but the $99.00 document bears hand-written additions showing higher deposits. Doc. 11 at 2.

Those conflicting prison trust account statements themselves contradict what Wise swore to in his earlier, IFP-application answers, specifically to pre-printed Question 2. It asked him, plainly, "[h]ave you received within the last twelve months any money from any of the following sources?" Doc. 2 at 1. To eliminate any doubt the question gave examples like rent payments, interest, dividends, and, finally, "[a]ny *other* sources?" *Id.* at 1-2 (emphasis added). Wise answered "No" to every one of them. He then wrote "None" in response to "[s]tate the balance of your prison trust account[.]" *Id.* at 2. Yet, both of his later-filed, "Prisoner Trust Fund Account Statement[s]" reveal a steady flow of money coming from *somewhere*.[1]

---

[1] As this Court previously stated, doc. 13 at 2 n. 2, it enforces a no-tolerance policy against even casual assaults on the truth. *See, e.g., Aiken v. Reed*, CV410-226 doc. 4 at 2 (S.D. Ga. Oct. 8, 2010) (directing plaintiff to either pay the Court's filing fee or submit a supplemental, sworn IFP affidavit, as "the Court suspect[ed] that he has access to money but has misrepresented his financial state in hopes of catching a free ride."); *see also id.* doc. 5 (advising dismissal for failure to comply); docs. 7 & 8 (agreeing and dismissing case).

Still, Wise had provided with his original IFP motion[2] a somewhat contemporaneous yet *unsworn* "Prisoner Trust Fund Account Statement." Doc. 3. Yet, that account statement was submitted by Wise himself, *not* by a prison administrator. And it does reflect deposits into his prison account up until just before that filing date. So in a sense he was forthcoming by contemporaneously filing that Statement despite the obvious contradictory "No" and "None" responses on his IFP affidavit.

Nevertheless, as the Court explained in its last Order, an inmate's personal knowledge of his own finances ought to be securely in his mind (particularly since he leads a relatively simple, very confined life), and so he ought to know about them when he swears to the existence of income sources and thus money in his account. Checking "No" and writing "None" here was a misrepresentation. The Court, after all, should be able to rely on what an inmate *swears to* under oath, and the differing, later-Statement amounts, and the uncertainty they engender, only underscore the requirement that an inmate, "under *penalty of perjury*," doc. 2 at 2 (emphasis added), tell the truth.

---

[2] He has since filed a "correcting" IFP motion.

3

Wise simply did not do that. And "Ground Zero" for truth is found in a document to which one swears. That is precisely why false swearing, which obviously undermines the administration of justice, is sanctionable.[3] So, the Court gave him a chance to explain. Doc. 13 (show-cause Order). His explanation is unsatisfactory. Wise now claims (presented here in raw, unedited form) an

> honest mistake on my part. I mistaking assume [sic] the question 'any other sources" ment [sic] money earned [through] labor, [illegible]. . . . And my "none" answer in response to the 'balance of my trust account' was in reference to my spendable balance in fact being approximately around zero at the time I filled out the IPF. Because the money my parents send me is promptly spent within a few days of it's received. And since my parents and sometimes my sister send me and [illegible] random sums of money throw out the year depending on their on financial circumstances therefore causing me to be unaware of the exact amount of money I receive in any given six month period until I'd receive my institution trust account which was timing and properly file with the court. So base on the above reason why conduct havn't violated rule 11(b) Fed.R.Civ.P 11(c)(3), the plaintiff prays the court will not dismiss his claim without prejudice.

---

[3] Whether in a witness chair before this Court or while crafting court filings in a prison cell, *no one* (especially a *convicted criminal*) is permitted to lie to or otherwise knowingly mislead this Court. All who swear to any facts advanced in quest of judicial relief are subject to criminal prosecution if they commit perjury or submit a false declaration in violation of 18 U.S.C. § 1623(a). *See, e.g., United States v. Dickerson*, No. CR608-36, doc. 47 (S.D. Ga. Dec. 11, 2008) (convicted of violating 18 U.S.C. § 1623(a) while seeking 28 U.S.C. § 2255 relief); *aff'd*, 2010 WL 4409382 (11th Cir. Nov. 8, 2010).

Doc. 14 at 1-2.

"Any other source" means just that: *Any* other source. That includes gift money from *anyone*. To permit convicted criminals to lie to this Court and then "defend" that with childish distinctions is to invite frustration of Congress's command that *every* inmate *must* pay the Court's $350 filing fee, 28 U.S.C. § 1915 (partially codifying the Prison Litigation Reform Act of 1995 (PLRA)), as soon as they are able to do so, and only the *truly* indigent may go on the delayed payment plan authorized by § 1915(a)-(b). So if an inmate has plenty of money in his account, he will not qualify. Meanwhile, in processing myriad prisoner IFP requests each year, courts must be able to in no small part rely on what is sworn to them. When they cannot, PLRA's purpose is frustrated and the public is cheated -- and by lying, convicted criminals at that.

This case therefore should be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(i), Fed. R. Civ. P. 11(c)(3),[4] and for abuse of judicial

---

[4] As previously explained in a similar case:

Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006). "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." Id.

process. *Cf. Skelton v. Rohrs,* 2010 WL 5122580 at * 1 (11th Cir. Dec. 15, 2010) (inmate's case properly dismissed for misleading the court about the existence of prior lawsuits; "[e]ven if Shelton did not have access to his materials, he would have known that he filed multiple previous lawsuits") (cited in *McClain v. Nelson*, 2011 WL 675030 at * 1 (S.D. Ga. Feb. 3, 2011), *adopted*, 2011 WL 674894 (S.D. Ga. Feb. 17, 2011)). Meanwhile, Wise's "correcting" IFP motion, doc. 15, is **DENIED**.

---

at 490; see also 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1335 (3d ed. 2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by ... the Federal Rules of Civil Procedure." *Zocaras*, 465 F.3d at 490; *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982). In addition, "the power of a court to dismiss a claim is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *Zocaras*, 465 F.3d at 490; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Hartline*, 693 F.2d at 1352. The Eleventh Circuit approves of dismissals under the inherent power where a litigant, in bad faith, fails to disclose his prior cases on a form complaint. *Young v. Sec'y Fla. for the Dep't of Corrs.*, 2010 WL 2170970 at *1 (11th Cir. June 1, 2010) (affirming dismissal under inherent power for plaintiff's failure to disclose his prior cases on the court's complaint form); *see Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir.1998) (noting that the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"), abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007).

*Kelly v. Prison Health Serv.*, 2010 WL 3667027 at * 1 (S.D. Ga. Sept. 15, 2010).

**SO REPORTED AND RECOMMENDED** this  4th  day of April, 2011.

/s/ G.R. Smith
_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT of GEORGIA**